Lillian Eggert, Administratrix, Appellee, v. Pennsylvania Company and Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company, Appellants.

Gen. No. 19,738. (Not to be reported in full.)

Appeal from the County Court of Cook county; the Hon. W. F. SLATER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed October 8, 1914.

## Statement of the Case.

Action commenced by F. C. Eggert against the Pennsylvania Company and Pittsburgh, Cincinnati, Chicago & St. Louis Railway. Company to recover damages to plaintiff's automobile caused by a collision between it and one of defendants' engines at a railroad crossing in the city of Chicago. Subsequent to the commencement of the suit F. C. Eggert died, and Lillian Eggert, his administratrix, was substituted as plaintiff. From a judgment in favor of plaintiff, defendants appeal.

LOESCH, SCOFIELD & LOESCH, for appellants.

GUERIN, GALLAGHER & BARRETT, for appellee.

MR. PRESIDING JUSTICE FITCH delivered the opinion of the court.

## Abstract of the Decision.

1. RAILROADS, § 666*—*when failure to look and listen for trains not negligence as matter of law*. It cannot be said as a matter of law that a person approaching a railroad crossing is in fault in failing to look and listen, if misled without his fault or where the surroundings excuse such failure.

2. NEGLIGENCE, § 228*—*when instruction defining ordinary care not objectionable*. An instruction defining "ordinary care" as that degree of care and caution which a reasonably prudent and cautious

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

person would have exercised "under like circumstances," *held* not objectionable as confining the question of plaintiff's due care to a consideration of his situation at the precise moment of the injury.

3. AUTOMOBILES AND GARAGES, § 932*—*when amount of verdict for injury to automobile warranted by the evidence.* In an action for damages to plaintiff's automobile resulting from a collision between it and a railroad engine at a street crossing, the amount of the verdict in favor of plaintiff *held* supported by the evidence, where there was evidence that the reasonable value of the use of plaintiff's automobile was a certain sum per week, which when added to the cost of the repairs necessitated by the collision equaled practically the amount of the verdict.